Hakob KNARYAN; Gohar Zaheyan, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71463.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Philippe Dwelshauvers, Esq., Fresno, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guy-

ton, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCON, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Hakob Knaryan and his wife, Gohar Zaheyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") opinion which affirmed the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and may reverse only if the evidence compels such a result. See INS v. Elias–Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Petitioners contend that the BIA violated due process because it summarily affirmed the IJ's decision. This contention is unpersuasive. See Falcon Carriche, 350 F.3d at 849–52.

■ Substantial evidence supports the IJ's finding that petitioners failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. See Rostomian v. INS, 210 F.3d 1088, 1089 (9th Cir.2000) (concluding

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that petitioners had failed to demonstrate past persecution because the violence they endured was a random act during an unstable time in Armenia, and had failed to demonstrate a well-founded fear of future persecution because petitioners only showed that general animosity and hostility still existed in Armenia).

Because petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

Substantial evidence supports the denial of CAT relief because petitioners did not establish that it is more likely than not that they will be tortured if returned to Armenia. *See id.*

**PETITION FOR REVIEW DENIED.**